# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL ANTHONY DIEPPA,** ) | |
| **Plaintiff,** ) | **Civil Action No. 7:18cv00455** |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **HAROLD CLARKE, et al.,** ) | **By: Michael F. Urbanski** |
| **Defendants.** ) | **Chief United States District Judge** |

Plaintiff Michael Anthony Dieppa filed a motion seeking preliminary injunctive relief, asking the court to enjoin the defendants from retaliating against him. After reviewing Dieppa's motion, the court finds no basis for the granting preliminary injunctive relief Dieppa seeks and, therefore, denies the motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm."

Va. Chapter, Associated Gen. Contractors, Inc. v. Kreps, 444 F. Supp. 1167, 1182 (W.D. Va. 1978) (quoting Va. Petroleum Jobbers Ass'n. v. Fed. Power Comm'n, 259 F.2d 921 (D.C. Cir. 1958)).

Dieppa's underlying complaint alleges that the defendants violated the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by denying him various religious items. See ECF No. 1. In his motion seeking preliminary injunctive relief, Dieppa asks the court to enjoin the defendants from retaliating against him for filing this action through methods including transfers, shakedowns, or program restrictions. Dieppa does not allege that the defendants have retaliated against him or that he will soon be transferred, but rather, he states that these methods of retaliation "at times come into practice against an inmate as a result of a § 1983 civil rights filing . . . ." Having reviewed the motion, the court finds that Dieppa has not demonstrated that he is likely to suffer "actual and imminent" irreparable harm in the absence of the preliminary injunction. His allegations that he will suffer retaliation and/or be transferred are purely speculative. Accordingly, it is hereby **ORDERED** that Dieppa's motion (ECF No. 13) is **DENIED**.

The Clerk shall send copies of this order to the parties.

ENTER: This 27th day of November, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge